**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| TAMIKA RIVERS, *et al.*,<br>Plaintiffs,<br>v.<br>ULTIMATE TRANSPORTATION, LLC, *et al.*,<br>Defendants. | Civil Action No. 24-6368 (MAS) (TJB)<br>**MEMORANDUM ORDER** |

**SHIPP, District Judge**

This matter comes before the Court upon Plaintiffs Tamika Rivers, Carieann Kuncken, Linda Carroll, Kelly Thomas, and Michael Rico's (collectively, "Plaintiffs") response (ECF No. 17) to the Court's September 29, 2025, Order to Show Cause ("OTSC") instructing Plaintiffs to explain how service upon the "Custodian of Records" complied with the appropriate rules and legal authority with respect to service on a corporate entity. (Sep. 29, 2025, OTSC, ECF No. 14.)

In their response, Plaintiffs contend that service was properly effectuated upon Defendant Ultimate Transportation, LLC ("Ultimate Transportation") under Rules 4(h)(1) and 4(e)(1) of the Federal Rules of Civil Procedure[1] and Rule 4:4-4(a)(5) of the New Jersey Court Rules. (Pls.' OTSC Response 1-2, ECF No. 17 (citing ECF No. 3).) First, Plaintiffs suggest that service on Ultimate Transportation was effectuated when they served Defendant Dennis Liberti[2] ("Liberti"), the sole

[1] All references to "Rule" or "Rules" hereafter refer to the Federal Rules of Civil Procedure.

[2] This Court previously entered a partial default judgment as to Liberti on Counts Four and Six of Plaintiffs' Complaint after determining service was properly effectuated on Liberti. (*See generally* Sep. 29, 2025, Mem. Op., ECF No. 15.)

member of Ultimate Transportation, on May 31, 2024. (*Id.* at 2.) Plaintiffs further contend that they served Ultimate Transportation on October 27, 2025, by serving Dareen Allen, the registered agent for Ultimate Transportation. (*Id.*; *see also* Ex. B to Pls.' OTSC Response, ECF No. 17-3.) Plaintiffs otherwise do not address how their prior service upon the "Custodian of Records" for Ultimate Transportation was proper. (*See* ECF No. 4.)

Rule 4(h) governs service of process upon corporate entities, partnerships, and unincorporated associations. It permits service by either (1) "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process"; or (2) by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1), 4(h). To serve an unincorporated entity, such as a limited liability company, in New Jersey, personal service of the summons and complaint must be effectuated upon "an officer or managing agent[.]" N.J. Ct. R. 4:4-4(a)(5).

The Court begins with whether proper service upon Liberti constituted proper service upon Ultimate Transportation. The Court finds that it does not. Here, when Plaintiffs served Liberti at his home address, they left a copy of the summons and complaint with his mother, with whom Liberti resides. (*See* ECF No. 3.) Such service does not comply with either Rules 4(e), (h), or New Jersey Court Rule 4:4-4(a)(5) because there is no evidence to suggest that Liberti's mother is an officer, a managing agent, or otherwise authorized to receive service on behalf of Ultimate Transportation.

The Court next addresses whether Ultimate Transportation was properly served when Plaintiffs served the registered agent for Ultimate Transportation. Upon review of the exhibits attached to Plaintiffs' response to this Court's OTSC, the Court still has its concerns as to whether

service was properly effectuated. *See Witzke v. Ferguson*, 795 F. App'x 120, 122 (3d Cir. 2020) (noting that "[a]s a general matter, . . . . the entry of a default judgment without proper service of a complaint renders that judgment void." (alterations in original) (citation omitted)). Ultimate Transportation's registered agent is HBK CPAs and Consultants ("HBK"). (*See* Ex. A to Pls.' OTSC Response, ECF No. 17-2.) The affidavit of service identifies HBK as a corporation and Dareen Allen as the "[a]dministrator/[a]uthorized representative on behalf of Ultimate Transportation . . . c/o HBK" (*See* Ex. B to Pls.' OTSC Response.) There is, however, no other evidence in the record to corroborate HBK's corporate form. Nor is it clear that Dareen Allen is "an officer, a managing or general agent, or any other agent," Fed. R. Civ. P. 4(e)(1), authorized to accept service for HBK. *See Gabros v. Shore Med. Ctr.*, 724 F. App'x 119, 122 (3d Cir. 2018) (finding that service upon an administrative assistant was improper where there was no evidence that he or she was "an officer, a managing or general agent, or an . . . agent authorized . . . to receive service of process" for the corporate defendant). Without more, the Court is unable to conclude that Ultimate Transportation has been properly served in order to adequately resolve Plaintiffs' Motion for Default Judgment (ECF No. 10). Accordingly,

**IT IS** on this 11th day of September 2026, **ORDERED** as follows:

1. Plaintiffs shall have **forty-five (45) days** from the date of this Memorandum Order to effectuate service of process upon Ultimate Transportation.[3]
2. Upon successful service of process, Plaintiffs shall file a renewed Motion for Default Judgment against Ultimate Transportation.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

[3] If service cannot be made by the end of this time period despite Plaintiffs' diligent efforts, the Court refers Plaintiffs to make an application to the Magistrate Judge to permit service under N.J. Stat. Ann. § 42:2C-17(b).